

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:12-CR-225-A |
| | § | |
| JAMES LEE WILLIAMS, II | § | |

MEMORANDUM OPINION AND ORDER

On December 6, 2017, James Lee Williams, II ("Williams") submitted for filing his "Combined Petitions for Common Law Writs of Audita Querela, Prohibition, Mandamus, Advisory Mandamus, and for Any Other Extraordinary Relief that may be Appropriate in Order to Correct a Fundamental Miscarriage of Justice for which Petitioner is Entitled to as a Matter of Law Since the Restitution Order Exceeds the Authority of the Statutory Source (28 U.S.C. § 1651)" and declaration in support. Also included was a motion for recusal and declaration in support. CR Doc.[1] 171. The court, having considered the motions, the record, and applicable authorities, finds that the motions should be denied.

I.

Motion to Recuse

Title 28, United States Code, § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in this action.

that the judge before whom the matter is pending has a
personal bias or prejudice either against him or in
favor of any adverse party, such judge shall proceed no
further therein, but another judge shall be assigned to
hear such proceeding.

The affidavit shall state the facts and the
reasons for the belief that bias or prejudice exists,
and shall be filed not less than ten days before the
beginning of the term at which the proceeding is to be
heard, or good cause shall be shown for failure to file
it within such time. A party may file only one such
affidavit in any case. It shall be accompanied by a
certificate of counsel of record stating that it is
made in good faith.

A motion to recuse must be strictly construed for form, timeliness, and sufficiency to guard against the danger of frivolous attacks on the orderly process of justice. United States v. Womack, 454 F.2d 1337, 1341 (5th Cir. 1972). The mere filing of a motion to recuse does not mean that the judge must recuse or even transfer the motion to another judge for consideration. See Chitimacha Tribe of La. v. Harry L. Laws Co., 690 F2d 1157, 1162 (5th Cir. 1982); Superior Diving Co. v. Watts, No. 05-197, 2008 WL 2097152, at *2 (E.D. La. May 16, 2008).

To be timely, a motion to recuse must be filed as soon as practicable after the discovery of the allegedly disqualifying facts. Danielson v. Winnfield Funeral Hom of Jefferson, Inc., 634 F. Supp. 1110, 1114 (E.D. La. 1986). Here, Williams primarily relies on events that occurred prior to and at his sentencing to support the motion. Williams was sentenced on April 26, 2013. CR

Doc. 46. In addition, he refers to a motion he filed July 26, 2016. CR Doc. 128. Clearly, the motion is untimely.

As for substance, Williams relies on conclusory allegations regarding alleged bias of the undersigned. Williams does not state facts that, if true, would convince a reasonable person that bias of a personal nature exists. <u>Henderson v. Dep't of Pub. Safety & Corrs.</u>, 901 F.2d 1288, 1296 (5th Cir. 1990); <u>Chitimacha Tribe</u>, 690 F.2d at 1165. The motion will be denied.

II.

"Combined Petitions"

In his preliminary statement, Williams states that his combined petition is for "extraordinary relief in the nature of audita querela, mandamus, advisory mandamus, prohibition, <u>or whatever, et.al.</u>" CR Doc. 171 at 4 of 71 (PageID 843). The basis of the request for relief is Williams' contention that his restitution order exceeds the authority of the statute. <u>Id.</u> at 6-7 of 71 (PageID 845-46). This contention could and should have been raised on appeal if it was a valid one. The court notes that Williams was represented on appeal by an attorney he retained.[2] CR Doc. 50, 51. And, to the extent that Williams had any claim of ineffective assistance of counsel, that matter could and should

---

[2]Thus, Williams' contention that he was improperly denied the appointment of counsel is belied.

have been raised as part of his motion under 28 U.S.C. § 2255, which was filed June 30, 2015. CR Doc. 100.

The court is satisfied that no post-conviction writ of the kind Williams seeks can alter the amount of his restitution order. See, e.g., United States v. Miller, 599 F.3d 484 (5th Cir. 2010). For example, the writ of audita querela may be proper where the defendant seeks relief from the consequences of a judgment on the ground that some defense or discharge has arisen since its rendition. Id. at 487.

III.

Order

The court ORDERS that the combined petitions and motion to recuse be, and are hereby, denied.

SIGNED December 8, 2017.

_____
JOHN McBRYDE
United States District Judge